IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

| | | |
|---|---|---|
| **31 ALANSON LANE, LLC, and MATTHEW** | ) | |
| **VASTOLA, on behalf of themselves and** | ) | **Case No.: 2023-CV-_____** |
| **Others Similarly Situated,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| - against - | ) | |
| | ) | |
| **TOWN OF SOUTHAMPTON;** the **TOWN BOARD** | ) | |
| **OF THE TOWN OF SOUTHAMPTON**, comprised | ) | |
| of: Jay Schneiderman - Supervisor, and Councilpersons | ) | |
| John Bouvier, Rick Martel, Cyndi McNamara, and Tommy | ) | |
| John Schiavoni, each in their official capacities; | ) | |
| **TRUSTEES OF THE FREEHOLDERS AND** | ) | |
| **COMMONALTY OF THE TOWN OF** | ) | |
| **SOUTHAMPTON;** comprised of: Scott M. Horowitz, | ) | |
| William, Pell, IV, Edward J. Warner, Jr., Ann Welker and, | ) | |
| William Parash, each in their official capacities; | ) | **COMPLAINT** |
| | ) | |
| Defendants. | ) | |

-----------------------------------------------------------------------X

Plaintiffs, 31 ALANSON LANE, LLC, and MATTHEW VASTOLA, by their attorney, J. Lee Snead, Esq., complaining of Defendants, alleges:

## INTRODUCTION

1.    This action seeks redress for the Defendants' actions that are in derogation of Plaintiffs' rights under the Constitutions of the United States and the State of New York and under the common law for imposing of unconstitutional taxes and unlawful regulatory fees on the Plaintiffs in the form of a "Trustees Permit" fee in connection with refurbishment of its marina business in the Town of Southampton, Suffolk County, New York.

2.    The Municipal Defendants: the TOWN OF SOUTHAMPTON (the "Town"); the TOWN BOARD OF THE TOWN OF SOUTHAMPTON (the "Town Board"); the TRUSTEES OF

1

THE FREEHOLDERS AND COMMONALTY OF THE TOWN OF SOUTHAMPTON (the "Board of Trustees"); and

3.      The Individual Defendants: Jay Schneiderman - Supervisor, and Councilpersons John Bouvier, Rick Martel, Cyndi McNamara and Tommy John Schiavoni who, collectively, serve as members of the Town Board of the Town of Southampton; and Scott M. Horowitz; William Pell, IV; Edward J. Warner, Jr.; Ann Welker; and William Parash who, collectively, serve as members of the Board of Trustees; each and all being associated with the Town in an official, employee, or agency capacity,

have, in concert, violated the Plaintiffs' rights by:

(A)      Extortionately compelling the Plaintiffs LLC and Vastola, under compulsion of criminal enforcement action through the use of the Town's police department and Court, to make application to, appear before, and to obtain and pay for a "Trustees Permit" from the Board of Trustees in order to repair and replace existing catwalks, fixed docks, and floating docks at the Plaintiff LLC's commercial marina, all without jurisdiction in the Board of Trustees, which cost the Plaintiffs the expenditure of funds: (1) in defending themselves before the Town's court on baseless charges; (2) for unnecessary and unlawful application fees for a Trustees permit; (3) in having to hire consultants to prepare, complete, and handle the application before the Board and Trustees; (4) in having to pay an unconstitutional and unlawful Dimensional fee in order to obtain the Trustees Permit, and; (5) all of which caused the Plaintiff LLC a loss of economic opportunity as a result of such

2

delay, and;

(B)     Extortionately and without sanction of law compelling and imposing an unconstitutional tax and/or unlawful regulatory fee upon Plaintiff LLC in the sum of Thirty-Five Thousand, Two Hundred Eighty Dollars ($35,280.00) to be paid to the Board of Trustees and, ultimately, the Town in order to obtain the "Trustees Permit" as a condition of allowing the marina repairs to move forward, and;

(C)     Under common law by: (1) inequitably compelling and obtaining unconstitutional payments from the LLC and retaining such funds (money had and received); (2) unjustly and unlawfully obtaining and retaining such funds and in benefitting at the LLC's expense and where conscience and equity demand restitution of such funds (unjust enrichment), and; (3) by the malicious prosecution of Plaintiffs before the Town's Justice Court as part of the Defendants' extortionate scheme to abuse administrative process and compel Plaintiffs to make application to the Board of in order to obtain the "Trustees Permit" inclusive of the payment of the unlawful "Dimensional Fee," and by;

(D)     Compelling the payment of unconstitutional taxes and/or unlawful fees by the Plaintiffs and by others similarly situated (the "Others") through a pattern and practice of unlawful and oppressive means and under color of law.

4.      By their cause of action under 42 U.S.C., § 1983, Plaintiffs seek to vindicate rights protected under the constitution of the United States, and to obtain redress in the form of, declaratory

relief, permanent injunctive relief, and money damages, pursuant to:

(A)   The Substantive Due Process Clause of the Fifth Amendment to the United States Constitution as made applicable to State and municipal action under the Fourteenth Amendment thereto; and of Article I, section 6, of the New York Constitution, and;

(B)   The Takings Clause of the 5th Amendment to the United States Constitution as made applicable to state and municipal action under the Fourteenth Amendment thereto; and of Article I, section 7 of the New York Constitution;

all of which occurred on or about March 14, 2022, through September 22, 2023, at the direction and actions of the Defendants and under color of state law.

5.      The Plaintiffs also seek declaratory relief on the viability of the "Dimensional Fee" provisions of the Rules and Regulations of the Trustees of the Freeholders and Commonalty of the Town of Southampton (the "Trustee Rules") pursuant to:

(C)   the Declaratory Judgment Act, 28 U.S.C., § 2201 *et seq.*, and; under New York Civil Practice Law and Rules Article 30 (Declaratory Judgment) and;

(D)   for injunctive relief pursuant to 42 U.S.C. § 1983; and under Article 63 of the C.P.L.R.

6.      Plaintiffs further ask the Court to provide legal and equitable relief on various common law claims in the exercise of its supplemental jurisdiction.

7.      Finally, inasmuch as other similarly situated individuals and corporate persons within the geographic jurisdiction of the Town have been subjected to the forced to payment the Defendants unconstitutional and unlawful Dimensional Fees in order to obtain Trustees Permits under the same scheme identified herein, this action is also brought as a class action in behalf of Others similarly

4

situated pursuant to Rule 23 of the Federal Rules of Civil Procedure ("F.R.C.P.") and under New

York C.P.L.R., Article 9.

## JURISDICTION AND VENUE

8.      Jurisdiction lies in this Court pursuant to 28 U.S.C., §§ 1331, 1343, 2201 and 2202

in that the actions challenged hereby violate the Equal Protection Clause as well as the Takings

Clause of the Fifth Amendment to the United States Constitution which is protected from unlawful

municipal action by Article 1 of the 14th Amendment to the United States Constitution and by section

1983 of Title 42 of the United States Code.  Jurisdiction over the class action claims lie with the

Court pursuant to F.R.C.P., Rule 23.  Jurisdiction over the New York causes of action lie with the

Court in the exercise of its supplemental jurisdiction. 28 U.S.C., § 1367.

9.      Venue lies in this Court pursuant to: 28 U.S.C., § 1391(b), subdivisions (1) and (2),

and; 28 U.S.C. § 1391(c), subdivision (2), as, on information and belief, all defendants are municipal

entities, governmental agencies, or individual residents of this judicial district; as the Plaintiffs'

property that is the subject of this action is located within this judicial district; that all parties

(including the proposed class members) are subject to suit in the judicial district with the Plaintiffs

and all proposed class members being residents of or having affected property in the County of

Suffolk, State of New York, and; that the events or omissions giving rise to this action (and those

of the proposed class) occurred within this judicial district.

## THE PARTIES

10.      All parties to this controversy are citizens of the United States whether as

governmental entities, agencies, officials, employees or agents.

**I.    The Plaintiffs:**

11.    At all times alleged herein Plaintiff, 31 ALANSON LANE, LLC (the "LLC"), was and is a domestic limited liability company with offices at and doing business as "Molnar's Landing," a marina located at 31 Alanson Lane, Hampton Bays, Town of Southampton, New York (the "marina").

12.    At all times alleged herein Plaintiff, MATTHEW VASTOLA ("Vastola") was and remains a resident of the Town of Southampton and the member of the LLC who operates the marina.

13.    Plaintiffs are in the business of running a marina operation known as Molnar's Landing which is situate along a dug canal known locally as Foster's Creek in Hampton Bays, an unincorporated area of the Town of Southampton, County of Suffolk.  The LLC's marina business services the boating public in interstate commerce.

**II.    The Similarly Situated Plaintiffs:**

14.    Plaintiffs also bring this action on behalf of other persons (both individuals and corporate entities) who are residents of this State and judicial district, and who are similarly situated in that they, too, have had to pay unlawful, excessive, and unconstitutional Dimensional Fees to the Board of Trustees in order to obtain Trustees Permits for actions taken on their real property.

**III.    The Defendants:**

15.    Upon information and belief the Defendant TOWN OF SOUTHAMPTON (the "Town") is a municipal corporation of the State of New York with offices at Town Hall, 116 Hampton Road, Southampton, New York.

16.    Upon information and belief the Defendant TOWN BOARD OF THE TOWN OF

SOUTHAMPTON (the "Town Board") at the time of the events identified herein were comprised of five elected members: Jay Schneiderman - Supervisor, and Councilpersons John Bouvier, Rick Martel, Cyndi McNamara, and Tommy John Schiavoni, who serve as the elected governing board of the Town, with their offices at Town Hall, 116 Hampton Road, Southampton, New York, each of whom is named and sued in their official capacity as the Town Board for purposes of injunctive relief.

17.    Upon information and belief the Municipal Defendants TRUSTEES OF THE FREEHOLDERS AND COMMONALTY OF THE TOWN OF SOUTHAMPTON (the "Board of Trustees") are a municipal corporation of the State of New York with their offices at Town Hall, 116 Hampton Road, Southampton, New York.

18.    Upon information and belief the Board of Trustees are comprised of five elected members; Scott M. Horowitz; William Pell, IV; Edward J. Warner, Jr.; Ann Welker; and William Parash, each of which is a natural person and resident of the Town of Southampton, County of Suffolk, State of New York, who served during the period of events described herein, each of whom is named and sued in their official capacity as the Board of Trustees for purposes of injunctive relief.

19.    Alternatively, the Board of Trustees are a municipal agency of the Town of Southampton.

20.    Alternatively, the Board of Trustees are a governmental entity of the State of New York.

## FACTS COMMON TO ALL CAUSES OF ACTION

**I.    The Governmental Structure of the Municipal Defendants:**

**A.    The Municipal Defendants -**

21.    The Town of Southampton is a municipal corporation of the State of New York and has jurisdiction over the entirety of the geographic space within the boundaries of the Town of Southampton.

22.    The Board of Trustees are a publicly elected and compensated municipal corporation and an agency of the Town of Southampton.

23.    The Board of Trustees hold jurisdiction over only those underwater lands of the Town in existence at the time the Dongan Patent was issued and when the Board of Trustees were created (1686).

**B.    The Defendants' Regulatory Jurisdictions -**

24.    The Town Board is the governing body of the Town.  Its members have authority to: adopt local laws for the Town which are compiled in the Southampton Town Code (the "Town Code"), and; to establish policy for the Town; and to direct and control the Town's law enforcement departments and employees.

25.    The Board of Trustees have jurisdiction within the Town over the undivided underwater lands within the Town and over the production of the waters of the Town.  The Board of Trustees adopt "Rules and Regulations for the Management and Products of the Waters of the Town of Southampton" to administer the lands under their jurisdiction (the "Trustee Rules").

26.    The Town has adopted the Trustee Rules as chapter A-340 of the Town Code, and under the Town Code all persons proposing to undertake activities within the Board of Trustees'

jurisdiction are required to comply with the provisions of the Trustee Rules.

C.    **Fiscal Controls -**

27.    The Town administers and controls the budget of the Town of Southampton which includes within the Town's overall budget an accounting line for the Board of Trustees budget.

28.    The Board of Trustees have, historically, obtained revenue both from Town tax levies Town landowners and from other revenue generated through, among other things, permit fees, including fees from Trustees Permits.

29.    At present and prior to the date of this Complaint revenues that come into the hands of the Board of Trustees are deposited in Town bank accounts for the benefit of the Board of Trustees.  Funds are then distributed from Town bank accounts by the Town Comptroller to the Trustees for budgeted expenditures or on an as-needed basis and, if un-applied to the Board of Trustees' use in one year are applied forward to reduce the Board of Trustees' overall budget in the following year in order to reduce the tax levy on the Town's inhabitants in general.

D.    **The "Dimensional Fee" Scheme -**

30.    One such source of revenue are the fees obtained from issuing "Trustees Permits" for, among other things, the replacement, refurbishment, or new construction of docks, bulkheads, piers, and walkways.  Two fees are charged for a Trustees Permit, these are: (1) a standard "application fee" ranging between $400.00 and $2,000.00, and; (2) a "Dimensional Fee," which is based on a formula that (in this case) multiplies the square footage of constructed/refurbished dockage, decks, piers or other items by a set rate dependent upon the work being done.  The rates for the application fee and Dimensional Fees are approved by the Board of Trustees each year.

31.    The 2023 Dimensional Fee schedule assesses fees for different actions at different

rates.  Thus, persons seeking to erect one type of structure are charged (in addition to the application fee) differing rates, as follows:

### NON-REFUNDABLE DIMENSIONAL FEES

| PERMIT TYPE: | DIMENSIONAL FEE: | UNITS: |
|---|---|---|
| Boathouse, Deck, or other structure on pilings | $20.00 | Per Square Foot of surface area |
| Bulkheads | $10.00 | Per Linear Foot (includes reconstruction and re-facing) |
| Dredging/Spoil Site | $15.00 | For each cubic yard of material removed from Town bay bottom |
| Fixed Dock | $10.00 | Per Square Foot of surface area |
| Floating Dock | $10.00 | Per Square Foot of surface area |
| Jetty/Revetment/Rip Rap | $10.00 | Per Linear Foot (includes reconstruction and re-facing) |
| Piling | $25.00 | Per Piling (Includes post/piles securing a floating dock and tie-off poles) |
| Ramp/Catwalk | $10.00 | Per Square Foot of surface area |
| Sand Fence | $5.00 | Per Linear Foot (includes reconstruction and re-facing) |
| Steps or Stairs | $10.00 | Per Square Foot of surface area |
| Walkway | $5.00 | Per Square Foot of surface area |
| Biolog Stabilization Structure | $0.00 | Per Linear Foot |
| Boat Lift or Hoist | $0.00 | |
| Circulating Pump (Aerator) | $0.00 | |
| Dewatering Construction | $0.00 | |
| Drainage Structures | $0.00 | |
| Dune Restoration | $0.00 | |
| Jet Ski Lift or Hoist | $0.00 | |
| Kayak Rack | $0.00 | |
| Phragmites Removal | $0.00 | |
| Refuse Removal | $0.00 | |
| Replant/Revegetate | $0.00 | |
| Sand/Gravel Replenishment | $0.00 | |
| Underground Utilities (Electrical, Water, Cable, Telephone, Gas) | $0.00 | |

*See,* Dimensional Fee schedule, Exhibit "1", annexed hereto.

32.    Numerous applications for Trustees Permits are made in any given year and those that

10

relate to boathouse, deck, bulkhead, dock, piling, catwalk, jetty, revetment, ramp, walkway or stair construction generate substantial revenues for the Board of Trustees in the form of both application fees and Dimensional Fees.

33.      The Dimensional Fee imposed on any applicant bears no reasonable relationship to the cost of administering and enforcing the Trustees Permit process for the particular application.

34.      Rather, the fees generated under the Dimensional Fee scheme far exceed the cost of administering and enforcing the review and approval of applications for Trustees Permits - indeed, they are assessed only after the Trustees Permit has completed administrative processing and obtained approval from the Board of Trustees.

35.      Moreover, to the extent that any kind of action is taken by the Defendants after the Trustees Permit is issued, it is limited to a final "inspection" that is perfunctory and takes less than one hour to perform.

**II.      The Trustees Permit "Dimensional Fees" are Unconstitutional:**

36.      Under New York law, municipalities are only authorized to charge taxes that are specifically authorized by the state legislature.  In the context of a building permit or other regulatory fee a municipality or agency thereof may not charge more than the reasonable cost of administering the specific permit.  Should a municipality or other governmental agency charge a permit fee in a manner that sets a rate by square footage, linear footage, or by the amount of money spent on the construction at issue, it is considered by New York to be an unconstitutional and unauthorized tax which is void and recoverable from the governmental entity.

37.      Under the Town's Code to receive a Trustees Permit application must be made to the Board of Trustees, an application fee is paid, hearings are held, and final approval of the Board of

Trustees must be granted.  Prior to issuance of the Trustees Permit the Board of Trustees requires the payment of the additional "Dimensional Fee" based on the linear footage of docks, piers, or bulkheads to be built or replaced.

38.    The Dimensional Fee is unconstitutional in that it is not authorized by the State for any municipality or municipal agency to charge such a fee, and the fee is an arbitrary exaction in the form of an unauthorized tax.

**III.    The Dock Replacement Project:**

39.    Plaintiff "LLC" owns real property located at 27 and 31 Alanson Lane in the hamlet of Hampton Bays, Town of Southampton, Suffolk County, New York. The LLC property is improved with an existing marina, known as "Molnar's Landing Marina & Bar," which includes: a boat ramp, floating and fixed docks and catwalks, and with an associated repair building, offices, and a bar/restaurant.

40.    Upon purchase by the LLC the marina operated pursuant to Town approvals, these being: (1) certificates of occupancy # 7437 (September 30, 1970) and # 7741 (March 28, 1983) issued by the Town Building Department, and; (2) a site plan approved by the Town Planning Department, dated August 2, 1989.  Indeed, the marina operation has existed at the site since the 1950's.

**A.    The LLC Begins to Refurbish the Existing Marina -**

41.    In 2021, Plaintiff LLC determined to refurbish and/or upgrade the existing structures at the marina and, in particular, to repair and replace in kind the catwalks, fixed docks and floating docks, in order to make them more safe and aesthetically inviting, and in general to restore what years of wear and tear had caused.  Accordingly, Plaintiff Vastola, acting in his capacity as Member

of the LLC and manager of the marina ordered materials to refurbish the existing docks and catwalks and began to reconstruct them in place and in kind.

42.      In early 2022 and in preparation for the upcoming marina season the LLC began to reinstall the floating docks at its marina that had been removed for storage during the winter, and to replace deteriorated portions of the decks, docks and catwalks in the marina.  These decks, floating docks, hard docks and catwalks at the marina were authorized under an existing site plan that had been previously approved by the Town Planning Board.

     **B.**    **The Defendants Initiate Judicial Process Against Plaintiffs -**

43.      On March 28, 2022, however, an officer of the Town's police department appeared at the marina and issued Plaintiff Vastola an appearance ticket to the Southampton Justice Court for alleged violations of section 111-37 and 111-30(A) of the Town Code for "Replacing Floating Docks Without Permit" (the "Dock Ticket").

44.      Section 111-37 of the Town Code states:

    Every person shall comply with the regulations as provided in the Rules and Regulations for the Management and Products of the Waters of the Town of Southampton promulgated by the Board of Trustees of the Freeholders and Commonalty of the Town of Southampton in all matters.

45.      Section 111-30(A) of the Town Code states:

    No dock, spile, bulkhead, jetty, retaining wall, revetment, catwalk, walkway, stairs, steps, artificial beach nourishment or fill, upland retaining wall or any other structure shall be constructed or placed within the bay beach area or ocean beach area, as defined in this chapter, without first obtaining a permit from the Town [Board of] Trustees.

46.      Pursuant to subdivision (E) of section 111-30 of the Town Code:

    A first violation of Article VI shall be punishable by a fine not to exceed $1,000 or imprisonment for a period not to exceed 15 days, or both.

In this way the Town Code criminalizes the failure to comply with the Board of Trustee Rules.

47.     On information and belief the police officer was dispatched to the marina by a member of the Board of Trustees in order to force the Plaintiffs to pay for a Trustees Permit.

48.     Plaintiff Vastola was directed by the police officer to cease all replacement activities at the marina until the criminal matter was resolved.

49.     On April 22, 2022, as directed on the Dock Ticket Plaintiff Vastola appeared before the Town Justice Court, noted that the Dock Tickets were for work being performed for the LLC which were previously authorized, and attempted to resolve the matter.  At that time, Plaintiff Vastola also asked that the summonses be re-cast in the name of the owner of the property - 31 Alanson Lane, LLC - as it was the LLC's responsibility for the replacement of the marina's docks and walkways.  Mr. Vastola was informed by the Court that he would be required to hire an attorney to do so and the matter was adjourned.

50.     Thereafter, the LLC and Vastola engaged criminal counsel (Vincent Lentini, Esq.) to represent them before the Town Court.  Criminal counsel was informed by the Town Attorney that the matter would be resolved only by the Plaintiffs' first obtaining approval from the Board of Trustees to perform maintenance and construction activities in the form of a "Trustees Permit."  He was also told that absent a Trustees Permit no construction or maintenance action would be allowed to move forward.

51.     The requirement that the Plaintiffs obtain a Trustees Permit was made notwithstanding that the Board of Trustees have no actual jurisdiction over the situs of the marina or the adjoining "dug canal" due to their both having been dug out of dry uplands in the early 1900's, a fact the Defendants knew to be the case.

**C.**    **The Trustees Permit Process is Begun -**

52.    Nonetheless, in order to move the dock replacement project forward, to be able to fully operate its marina, and to resolve the criminal summonses issued to Vastola, the LLC engaged First Coastal, LLC ("First Coastal"), to make application for and obtain a Trustees Permit.

53.    During the period April 7 through July 20, 2022, First Coastal prepared and then made application to the Board of Trustees for a Trustees Permit as required by the Town and the LLC paid a standard application fee of $500.00 therefor.   Thereafter, First Coastal attended numerous meetings with the Board of Trustees, provided amended application materials and site plans, prepared covenants at the Board of Trustees' direction, and attended the final hearing held on March 6, 2023, at which time the Board of Trustees voted to approve the Trustees Permit.  At this point no further review effort or process, nor any further deliberations or discretionary action, were required of the Board of Trustees in order that a Trustees Permit would issue and the LLC was entitled to issuance of the Trustees Permit as a matter of right.

54.    The Plaintiff paid First Coastal a fee of $7,792.30 for its effort in securing the Trustees Permit.   As well, the Plaintiff incurred additional legal consulting fees in regard to the Trustees Permit application in the amount of $6,789.75 in regard to the matter.

55.    Notwithstanding that an application fee had been paid and that the Board of Trustees had closed the hearing and agreed to issue the Trustees Permit on March 6, 2023, on or about March 15, 2023, the Board of Trustees forwarded Invoice No. AP220086 to First Coastal in the amount of $35,280.00 as and for a demand for the Dimensional Fee for the Trustees Permit to issue.

56.    Because a failure to pay the Dimensional Fee would preclude the LLC obtaining the Trustees Permit; from finalizing the marina project and fully operating its business; and because the

criminal case would not be resolved, on March 28, 2023, the LLC tendered payment to the Clerk of the Board of Trustees in the form of an attorney's check in the amount of $35,280.00 as and for the Dimensional Fee demanded by the Board of Trustees.

57.    On April 5, 2023, the Defendants negotiated the Dimensional Fee payment by electronic deposit into a Town bank account.

58.    On April 14, 2023, the LLC received the Trustees Permit which has an expiration date of April 15, 2024.

**D.    The LLC Demands a Return of the Dimensional Fee -**

59.    On May 3, 2023, the LLC served on the Town and the Board of Trustees Defendants a Notice of Claim and Intention to File Action seeking adjustment of the claim in regard to the Dimensional Fee paid to the Board of Trustees.  To date, no response from either the Board of Trustees or the Town has been received.

**E.    The Criminal Action is Dismissed in Favor of the Defendants -**

60.    On September 22, 2023, the Plaintiffs' criminal counsel appeared before the Southampton Town Court in order to move for and obtain a corporate substitution of the Dock Tickets into the name of the LLC and to ask that the matter be dismissed.  At that time a corporate substitution of the LLC for Mr. Vastola was granted; the LLC was arraigned and pleaded "not guilty"; and the Court dismissed the case against the LLC in favor of the accused (C.P.L., § 160.50). In total the LLC paid its criminal counsel at total of $3,200.00 to handle the Dock Ticket matter.

**F.    Others that are Similarly Situated to Plaintiffs have been Required to Pay Exorbitant, Excessive, Unlawful, and Unconstitutional Dimensional Fees -**

61.    On information and belief numerous Others, likely hundreds of them, have been

required to obtain Trustees Permits from the Defendants and to pay Dimensional Fees under the scheme described herein to obtain such permits over the past six year period.  Indeed, Plaintiffs' environmental consultant here (First Coastal) has stated to counsel that it has handled over a hundred Trustees Permit applications in the past six years. Undoubtedly, Others not represented by Plaintiffs' consultant have also had to pay Dimensional Fees.  As such, the Others affected are so numerous that it would be impractical to join them as plaintiffs herein and handling this matter as a class action is superior to separate litigations.

62.    That the Others have had to pay the Dimensional Fees under the same code-driven scheme that has been applied to the Plaintiffs here show that common questions of law or fact in the Others claims are presented.

63.    In light of the fact that the claims raised by Plaintiffs' stem from the Defendants' use of the same code-driven scheme requiring the payment of Dimensional Fees, the due process, regulatory takings, money had and received, and unjust enrichment claims made by Plaintiffs and any defenses available on those claims are typical of those of the potential Class. As well, the potential claims of Others are such that if a determination is made in favor of Plaintiffs on the law in regard to the constitutionality or lawfulness of the Dimensional Fee scheme, the liability question on the Others' claims will be determined.

64.    Plaintiffs are committed to pursuing this action to a litigated conclusion and possess the resources to do so and  Plaintiffs' counsel is experienced in handling class actions.  Moreover, the damages that Plaintiffs' have suffered are of sufficient magnitude that a complete litigation of the claims is economically warranted. Accordingly, Plaintiffs are in a position to fairly and adequately protect the claims of the putative class of Others identified herein.

65.    Finally, on information and belief, and from discussions with the Plaintiffs' environmental consultant, the damages suffered by the Others in paying Dimensional Fees run typically in the four to six thousand dollar range and are too small to warrant individual litigations. Accordingly, the determination of the Others' claims as a class in this action will conserve judicial and party resources in effecting a complete determination of claims that otherwise might not be brought.

66.    Accordingly, Plaintiffs bring this action of behalf of Others similarly situated who form a class of persons who have paid Dimensional Fees to the Board of Trustees to obtain Trustees Permits in order to construct, build, re-build, repair, or restore boathouse, deck, bulkhead, dock, piling, catwalk, jetty, revetment, ramp, walkway or stair construction projects at their properties for the period six years prior to the filing of this action.

**FIRST CAUSE OF ACTION**
**(42 U.S.C., § 1983, 22 U.S.C., § 2201 - Violation of Civil Rights)**

67.    The Plaintiffs re-allege and incorporate each of the facts alleged in paragraphs "1" through "66" as if set forth below.

68.    The situs of the marina was created out of uplands not under the regulatory jurisdiction of the Board of Trustees and, therefore no Trustees Permit was required in order to replace and refurbish decks, docks and catwalks at the existing marina.

69.    The Defendants' actions in halting the construction at the marina and demanding that the LLC obtain a Trustees Permit from the Board of Trustees: (a) impeded and denied the LLC its right to continue the maintenance and operations of its marina; (b) deprived it of full use of the marina during the permit application process; © caused the LLC a loss of profits and an unlawful

interference with its property rights in the marina, and; (d) caused the expenditure of significant sums of money in obtaining the Trustees Permit and defending itself before the Town's Justice Court.

70.     The Defendant Board of Trustees' March 15, 2023, demand for a Dimension Fee from Plaintiff LLC was a demand for an exorbitant and unlawful fee in violation of Article 9, section (2)(c)(8), of the New York Constitution and, accordingly, was an unlawful tax.

71.     That the demand was unconstitutional and oppressive is a matter that should clearly have been understood by the Defendants as it is black letter law that a municipal entity or governmental agency may not impose a regulatory fee in excess of the cost needed to administrate the particular application at issue.

72.     The Defendants' use of the Town's Courts to pressure and extort the Plaintiffs into making application for an unnecessary Trustees Permit as a means to force the Plaintiffs into paying unconstitutional tax and/or unlawful regulatory fees to the Defendants in order to secure a Trustees Permit are matters demonstrating abuses of official position sufficient to shock the conscience.

73.     On March 6, 2023, the Board of Trustees approved the LLC's application for a Trustees Permit and no further administrative process was required for the Trustees Permit to issue. As such, as of March 6, 2023, the LLC possessed a protectable property right in the issuance of the Trustees Permit.

74.     At the time the Defendant Board of Trustees made the demand for Dimensional Fees on March 14, 2023, the LLC had completed the application process and the Board of Trustees' demand deprived and delayed the LLC of its property right and forced the LLC to pay unconstitutional taxes and/or unlawful regulatory fees in order to exercise that right.

75.     The demand for payment of exorbitant building permit fees under a scheme designed

to force Plaintiffs to comply upon pain of continued invalid judicial enforcement, and a cessation in its business operations that were affected by the needed repairs, and barring a business from continuing its repair operations until such time as it complied with the payment of unconstitutional Dimensional Fees are actions that are so outrageously arbitrary that they constitute a gross abuse of governmental authority as to violate the substantive due process protections of the 5th Amendment to the United States Constitution and the Defendants are prohibited from doing so by Article 1 of the 14th Amendment to the United States Constitution.

76.    The Defendants' demands of Plaintiffs and of Others similarly situated for the payment of unconstitutional Dimension Fees also constitute regulatory takings under the takings clause of the Fifth Amendment to the United States Constitution and the Defendants are prohibited from doing so by Article 1 of the 14th Amendment to the United States Constitution.

77.    The Defendants are municipal or governmental entities or agencies under law.

78.    The Defendants' actions were taken under color of law inasmuch as:

(a)    the Board of Trustees who adopted the unconstitutional and excessive Dimensional Fee schedule is a governmental agency of the Town or a separate municipal entity, and;

(b)    the Town and Town Board are a municipal entity and board and have, by adoption of sections 111-30(a) & (e) and 111-37, and chapter A-340 of the Town Code, required all persons undertaking boathouse, deck, bulkhead, dock, piling, catwalk, jetty, revetment, ramp, walkway or stair construction in Town waters to comply with the Trustees Rules as a matter of both law and policy and require people undertaking such construction to pay unlawful Dimensional Fees in order to obtain a Trustees Permit.

79.    The requirement for payment of unlawful Dimensional Fees in order to obtain a Trustees Permit is a pattern and practice of long standing of the Town, the Town Board, and the Board of Trustees.

80.    By their actions, the Town, the Town Board, the Board of Trustees, and the individual members of the Board of Trustees, did conspire to initiate abusive judicial process in order that they could demand, receive, negotiate, and retain unjust, excessive, unlawful, unauthorized, and unconstitutional payments in the form of unlawful Dimensional Fees from the Plaintiffs, and such actions are arbitrary and irrational and with no legitimate reason to support them.

81.    The Defendants actions caused a violation of Plaintiffs' due process rights, the extortionate payment of money in order to comply with the Defendants' demands, as well as the deprivation of personal property and damages in the form of:

(a)    legal costs in connection with an abuse of judicial process and malicious prosecution;

(b)    legal and consultant costs in preparing and completing the application process for an unnecessary Trustees Permit, and;

(c)    payment of unconstitutional taxes and/or excessive regulatory fees to the Board of Trustees and the Town in the form of Dimensional Fees, and;

(d)    the loss of business opportunity due to the delay caused in obtaining the unnecessary Trustees Permit.

82.    The Municipal Defendants have benefitted from the unlawful Dimensional Fee payments.

83.    Defendants' actions have caused and continue to cause unconstitutional deprivation of property in the form of unlawful taxes and/or excessive regulatory fees for Dimensional Fees that have been and will continue to be taken from all Other applicants who are similarly situated to Plaintiffs.

84.    The Plaintiffs have established or will establish valid claims for relief under the United States Constitution and other laws of the United States and the Constitution and laws of the

State of New York, for the Defendants' violation of their rights which Defendants have purported to accomplish under color of state law and for which redress may be had pursuant to provisions of 42 U.S.C., § 1983.

85.     The Defendants' actions are not substantially justified under law.

86.     Justiciable causes of action are pleaded by the Plaintiffs such that the Court should declare the rights and relationships of the parties.

87.     The Plaintiffs, for themselves, and for others similarly situated, are entitled to declaratory and permanent injunctive relief as well as ancillary relief in connection herewith and seek an order and judgment from the Court:

(a)     That Defendants' actions have denied the Plaintiffs substantive due process in regard to their property rights in violation of the 5th Amendment to the U.S. Constitution, causing them monetary damages;

(b)     That Defendants' actions in demanding the $35,280.00 Dimensional Fee from the Plaintiff LLC constitutes an unconstitutional exaction sufficient to be a regulatory taking in violation of the 5th Amendment to the U.S. Constitution;

(c)     Declaring that the "Dimensional Fee" schedule of the "Rules and Regulations of the Board of Trustees of the Freeholders and Commonalty of the Town of Southampton" is void and unenforceable, and;

(d)     Declaring that further application of the Board of Trustees' Dimensional Fee schedule in the context of applications for Trustees Permits shall be permanently enjoined, and;

(e)     Compelling disgorgement to the Plaintiffs of all fees paid to the Board of Trustees, the damages incurred in defending themselves in Town Justice Court against the baseless charges made by the Town, for the fees Plaintiffs paid to the Defendants as well as those they incurred in applying for and obtaining a Trustees Permit, and lost profits, and;

(f)     Establishing as a Class, pursuant to F.R.C.P. Rule 23, for purposes of this action of all persons who have paid Dimensional Fees to the Board of

Trustees to obtain Trustees Permits in order to construct, build, re-build, repair, or restore boathouse, deck, bulkhead, dock, piling, catwalk, jetty, revetment, ramp, walkway or stair construction for the period six years prior to the filing of this action, and;

(g)     On behalf of the Class compelling the accounting for and disgorgement from the Defendants, of all Dimensional Fees paid to the Board of Trustees for a period starting from the period of six years before the filing of this action, and;

(h)     Establishing the Plaintiffs as Class representatives and providing a reasonable compensation to Plaintiffs to be paid by the Defendants separate of the fund established for the Class members, and;

(I)     Establishing Plaintiff's counsel as an administrator of the funds to be paid to the Class and providing a reasonable compensation to counsel to be paid by the Defendants separate of the fund established for the Class members.

88.     The Plaintiffs will substantially prevail in their claims against the Defendants in prosecution of their rights and are entitled to reasonable attorneys fees and costs of this action pursuant to the provisions of 42 U.S.C., § 1985, and this Court should so declare.

## SECOND CAUSE OF ACTION
(C.P.L.R. Article 30 - Declaratory Judgment)

89.     The Plaintiffs re-allege and incorporate each of the facts alleged in paragraphs "1" through "88" as if set forth below.

90.     Under sections 111-30(a) and 111-37, and Chapter A-340, of the Town Code the Town adopts the Trustee Rules and requires that parties seeking to perform dock, deck and other types of marine construction must obtain a Trustees Permit in areas under the Board of Trustees jurisdiction.

91.     The Board of Trustees annually establish a fee schedule for Trustees Permits that assess two monetary components: an application fee and; a Dimensional Fee that is based on the

linear feet of construction of certain types of structures.

92.     The Defendants have applied the Town Code and the Trustee Rules to the Plaintiff LLC in order to compel it to apply for and pay an exorbitant, unlawful, and unconstitutional Dimensional Fee in order to obtain an unnecessary Trustees Permit to repair and refurbish its marina property.

### A.     The Defendants were Without Jurisdiction to Require the LLC to Apply and Pay for a Trustees Permit -

93.     The situs of the LLC's marina property is along a dug canal in the hamlet of Hampton Bays, and was further dug from privately held uplands lying along side of that canal.

94.     The Board of Trustees only hold jurisdiction over and upon the marine waters of the Town of Southampton that were in existence at the time that the Board of Trustees were created in 1686.

95.     The Board of Trustees were and are without jurisdiction to require the LLC to obtain a Trustees Permit for its marina property and the Court should so declare.

96.     The Town and Town Board were without jurisdiction to require the LLC to obtain a Trustees Permit for its marina property from the Board of Trustees as a matter of Town Code and the Court should so declare and, further, should declare that any restrictions or requirements existing in the Plaintiff LLC's Trustees Permit are null and void.

### B.     The Dimensional Fee Schedule is Unconstitutional -

97.     The Dimensional Fee schedule adopted by the Defendants bears no rational relationship to the cost of the Town and/or Board of Trustees to administrate the particular application being reviewed, is not otherwise authorized by the legislature as a municipal tax that may

be levied, and is an unconstitutional tax.

98.    The Dimensional Fee scheme enforced by the Defendants is contrary to the provisions of Article 9, section (2)(c)(8), of the New York Constitution and is void therefor.

**C.    The Dimensional Fee Schedule is an Unlawful Regulatory Fee -**

99.    The Dimensional Fee schedule adopted by the Defendants bears no rational relationship to the cost of the Town and/or Board of Trustees to administrate the particular application being reviewed and is an unlawful regulatory fee.

100.    The Dimensional Fee scheme enforced by the Town is without authorization under state law, is contrary to the provisions of section 10 of the Municipal Home Rule Law, and is void therefor.

**D.    Application of the Dimensional Fee Scheme to Plaintiff LLC is a Regulatory Taking under Article I, Section 7(a) of the New York Constitution -**

101.    Section 7(a) of Article I of the New York Constitution states:

Private property shall not be taken for public use without just compensation.

*Id.*

102.    The Town's Code compels persons erecting decks, dock, walkways, bulkheads and other actions identified in the Dimensional Fee schedule to make an application for a Trustees Permit under pain of criminal prosecution. *See,* Town Code §§ 111-30(A) & 111-37; Chapter A-340.

103.    A Town police officer stopped the Plaintiffs from moving forward with ongoing lawful refurbishment and repair of its marina and issued a criminal summons to appear before the Town Justice Court for an alleged failure to comply with the Trustee Rules requirement to first obtain a Trustees Permit to perform such refurbishment and repairs.

104.    The Town would not agree to dismiss the prosecution of the criminal matter until

25

such time as the Defendants applied for, paid for, and obtained a Trustees Permit.

105.    A condition of receiving the approved Trustees Permit was the payment of an exorbitant, unlawful, unconstitutional, and arbitrary Dimensional Fee.

106.    The Dimensional Fee was paid by Plaintiff LLC under duress so that the criminal action would be concluded and so that repairs could move forward.

107.    The Defendants' use of the Town Code and its Justice Court to force Plaintiff Vastola and Plaintiff LLC into a position where they were forced to make an unnecessary and extra-jurisdictional application to the Board of Trustees for a Trustees Permit and, ultimately, to pay excessive, exorbitant, unlawful, and unconstitutional fees to the Town in the form of Dimensional Fees shocks the conscience.

108.    Under the facts and circumstances shown herein, the Defendants' use of the Town Code in conjunction with the Trustee Rules and the Dimensional Fee schedule constitutes a regulatory taking in violation of section 7(a) of Article I of the New York Constitution, and the Court should so declare.

**E.    Use of the Dimensional Fee Scheme Deprived Plaintiffs of Substantive Due Process Contrary to Article I, Section 6, of the New York Constitution -**

109.    Section 6 of Article I of the New York Constitution states:

No person shall be deprived of life, liberty or property without due process of law.

*Id.*

110.    The Defendants' use of the Town Code and its Justice Court to force Plaintiff Vastola and Plaintiff LLC into a position where they were forced to make an unnecessary and extra-jurisdictional application to the Board of Trustees for a Trustees Permit and, ultimately, to pay

excessive, exorbitant, unlawful, and unconstitutional fees to the Town in the form of Dimensional Fees, shocks the conscience.

111.    At all times during the period described herein the Plaintiffs were under duress to comply with the unlawful and unconstitutional demands made of them by the Defendants to make an unnecessary application for a Trustees Permit and, ultimately, to pay excessive, exorbitant, unlawful, arbitrary, and unconstitutional Dimensional Fees.

112.    The Dimensional Fee scheme used by the Defendants to force the Plaintiff LLC to pay excessive, exorbitant, unlawful, and unconstitutional fees to the Town constitutes a denial of substantive due process and the Court should so declare.

113.    A justiciable controversy exists between the Plaintiffs and the Defendants such that the Court should declare the rights and relations between the litigants.

### THIRD CAUSE OF ACTION
(C.P.L.R. Article 63 - Injunctive Relief)

114.    The Plaintiffs re-allege and incorporate each of the facts alleged in paragraphs "1" through "113" as if set forth below.

115.    Inasmuch as the Plaintiff LLC continues to own and use its marina property the LLC fears that the Defendants will continue to use the unconstitutional and unlawful Dimensional Fee schedule, and the Town's enforcement power, to additionally harass the Plaintiffs in the future and to place them under potential judicial prosecution to force them to pay further unlawful and/or unconstitutional Dimensional Fees.

116.    Inasmuch as the Dimensional Fee schedule violates Article 9, section (2)(c)(8), of the New York Constitution, is void therefor, and its further use should be permanently enjoined.

117.    Inasmuch as the Dimensional Fee schedule is void as unauthorized and contrary to the requirements of section 10 of the Municipal Home Rule Law its further use should be permanently enjoined.

118.    Because the Board of Trustees do not possess geographic jurisdiction to enforce the requirement to obtain a Trustees Permit over the situs of the Plaintiff LLC's marina, the Board of Trustees should be permanently enjoined from applying the permitting requirements of the Trustee Rules to Plaintiff LLC's property.

**FOURTH CAUSE OF ACTION**
**(Malicious Prosecution/Abuse of Process)**

119.    The Plaintiffs re-allege and incorporate each of the facts alleged in paragraphs "1" through "118" as if set forth below.

120.    The Board of Trustees have no jurisdiction to require a Trustees Permit from the Defendant LLC inasmuch as the marina was formed out of privately held uplands and, therefore, are not part of the waters or underwater lands that the Trustees are authorized to regulate, a fact that the Defendants are aware of.

121.    The Defendants had no authority to require the LLC to obtain a Trustees Permit in order to refurbish its marina.

122.    The Defendants each and all knew or reasonably should have known that they did not possess authority to require the LLC to obtain a Trustees Permit.

123.    In a concerted effort the Town, at the behest of the Trustees, issued criminal process to Plaintiff Vastola, forcing Vastola and, ultimately, the LLC, to stand before and incur expense and aggravation in defending a baseless charge in the Southampton Town Justice Court for refurbishing

the marina in the absence of a Trustees Permit, a charge that was ultimately dismissed in Plaintiffs' favor.

124.    Defendants' actions constitute the malicious prosecution of the Plaintiffs.

125.    The Defendants compounded this abuse of process by requiring the LLC make and pay $500.00 for a Trustees Permit application, and to participate in a lengthy and expensive permit process that included the payment of planning and legal professionals, at the end of which the Board of Trustees compelled the LLC to pay over to the Defendants the additional unconstitutional and unlawful sum of $35,280.00 which was ultimately deposited to the account of the Town and for the benefit of the Town and the Board of Trustees.

126.    Defendants' actions are a clear abuse of process under color of official right.

127.    Accordingly, the Defendants have abused both criminal and civil processes in derogation of Plaintiffs civil and common law rights, Plaintiffs have been harmed by the Defendants' actions, and this Court should so declare and compel the reimbursement of all sums expended by Plaintiffs in damages thereof, as well as for any ancillary damages incurred, including in the form of lost profits.

## FIFTH CAUSE OF ACTION
### (Money Had and Received & Class Action)

128.    The Plaintiffs re-allege and incorporate each of the facts alleged in paragraphs "1" through "127" as if set forth below.

**A.    The Claim for Relief -**

129.    Under New York law the essential elements of a cause of action for money had and received are: (1) that the defendant received money belonging to the plaintiff; (2) the defendant

benefitted from receipt of the money, and; (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money.  Such an action may be brought against a governmental entity where the monies have been obtained through conduct showing oppression or extortion.

      **B.**     **The Plaintiffs are Harmed -**

130.     By e-mail dated May 15, 2023, the Board of Trustees extortionately demanded the sum of $35,280.00 (the "funds") from the Plaintiff LLC upon pain of withholding the Trustees Permit that the LLC had previously paid an application fee and pursued, to completion, the administrative process for.

131.     On May 28, 2023, the LLC paid the $35,280.00 Dimensional Fee under duress to the Board of Trustees.

132.     On April 6, 2023, the Defendants negotiated the Dimensional Fee payment by depositing the check into "Town of Southampton" bank account.

133.     The Town has benefitted by the receipt, retention, and use of such funds.

134.     The Town Board have benefitted by the receipt, retention, and use of such funds.

135.     The Board of Trustees have benefitted by the receipt, retention, and use of such funds.

136.     The Town is not authorized by either the New York Constitution or other New York statute to authorize or impose the Dimensional Fee as it is an unconstitutional tax and/or unlawful regulatory fee.

137.     The Town Board are not authorized by either the New York Constitution or other New York statute to impose or authorize the Dimensional Fee as it is an unconstitutional tax and/or unlawful regulatory fee.

1388.   The Board of Trustees are not authorized by either the New York Constitution or other New York statute to authorize or impose the Dimensional Fee as it is an unconstitutional tax and/or unlawful regulatory fee.

139.   Accordingly, the demand for a Dimensional Fee by the Defendants, or any of them, was without lawful sanction and the requirement that the Dimensional Fee be paid before the Trustees' Permit would be issued was extortionate, oppressive, and caused the Plaintiffs to pay such fee under duress and fear of continued criminal prosecution.

140.   The Town should not be allowed to retain any portion of such funds under principles of equity and good conscience.

141.   The Town Board should not be allowed to retain any portion of such funds under principles of equity and good conscience.

142.   The Board of Trustees should not be allowed to retain or use any portion of such funds under principles of equity and good conscience.

143.   The Plaintiffs are damaged thereby and seek redress from the Court thereupon.

**C.   <u>Others Similarly Situated are Harmed</u> -**

144.   As is previously alleged, requiring any person to pay the Dimensional Fee in the form that it is calculated is both unconstitutional and unlawful.

145.   On information and belief numerous Others similarly situated to the Plaintiffs have had to obtain Trustees Permits from the Board of Trustees and the Town.

146.   On information and belief numerous Others similarly situated to the Plaintiffs have paid unconstitutional and unlawful Dimensional Fees for Trustees Permits.

147.   On information and belief the aggregate payments of Dimensional Fees by Others

during the statutory period of recovery exceeds the jurisdictional amount required by this Court.

148.    On information and belief each of the Defendants have benefitted by the receipt, retention, and use of Dimensional Fees paid by Others similarly situated.

149.    The Defendants should not be allowed to retain any portion of such funds paid by the Others under principles of equity and good conscience.

150.    The Others similarly situated to Plaintiffs are damaged thereby and, on the Others' behalf, Plaintiffs seek redress from the Court pursuant to Article 9 of New York's Civil Practice Law and Rules.

## SIXTH CAUSE OF ACTION
### (Unjust Enrichment & Class Action)

151.    The Plaintiffs re-allege and incorporate each of the facts alleged in paragraphs "1" through "150" as if set forth below.

### A.    The Claim for Relief -

152.    Under New York Law a cause of action for unjust enrichment requires a showing that: (1) the defendant monetarily benefitted; (2) at the Plaintiff's expense; and, (3) that equity and good conscience require restitution of the funds received.  The doctrine of unjust enrichment is available whether the defendant has obtained the money by wrongdoing, illegality, or mere mistake.

### B.    The Plaintiff LLC is Harmed -

153.    Under the facts addressed above it is clear that neither the Town, the Town Board, nor the Board of Trustees had lawful authority to require the Plaintiff LLC to pay an application fee for or obtain a Trustees Permit, or; to impose an unconstitutional and unlawful $35,280.00 Dimensional Fee in order to obtain the Trustees Permit.

154.    Accordingly, the demand by the Defendants or any of them for the LLC to: (1) apply for and pay an application fee to process its application for a Trustees Permit, and; (2) to pay an unconstitutional and unlawful Dimensional Fee before the Trustees Permit would be issued; were each without lawful sanction, extortionate, oppressive, and caused the LLC to pay such fee under duress.

155.    The Town has benefitted by the receipt, retention and use of the application fee and the Dimensional Fee (the "funds") at the LLC's expense.

156.    The Town Board have benefitted by the receipt, retention and use of such funds at the LLC's Expense.

157.    The Board of Trustees have benefitted by the receipt, retention and use of such funds at the LLC's expense.

158.    The Town should not be allowed to retain any portion of such funds under principles of equity and good conscience and it should make restitution to the LLC.

159.    The Town Board should not be allowed to retain any portion of such funds under principles of equity and good conscience and they should make restitution to the LLC.

160.    The Board of Trustees should not be allowed to retain any portion of such funds under principles of equity and good conscience and they should make restitution to the LLC.

161.    Plaintiff LLC is damaged thereby and seeks redress from the Court thereupon.

**C.    <u>The Others Similarly Situated are Harmed</u> -**

162.    Under the facts addressed above neither the Town, the Town Board, nor the Board of Trustees had lawful authority to impose unconstitutional and unlawful Dimensional Fees on any Others similarly situated who sought and obtained Trustees Permits in the past six years.

163.    On information and belief Others similarly situated to Plaintiffs have been required to pay to the Defendants unconstitutional and unlawful Dimensional Fees in the past six years.

164.    Under the facts addressed above the Town, the Town Board, and the Board of Trustees have benefitted by the receipt, retention, and use of the payment of Dimensional Fees at the expense of the Others similarly situated.

165.    Neither the Town, the Town Board, nor the Board of Trustees should be allowed to retain any portion of such funds under principles of equity and good conscience and they should make restitution to the Others similarly situated.

166.    The Others similarly situated to Plaintiffs are damaged thereby and, on the Others' behalf, Plaintiffs seek redress from the Court pursuant to Article 9 of New York's Civil Practice Law and Rules.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, the Plaintiffs, 31 Alanson Lane, LLC and Matthew Vastola, as and for themselves, and for other similarly situated, pray that after due proceedings be had that on the:

<u>FIRST CAUSE OF ACTION</u>:

That the Court enter judgment, pursuant to the provisions of 28 U.S.C., §§ 2201 and 2202, and 42 U.S.C., § 1983 and 1985:

    (A)    Declaring that the rates applied in the Dimensional Fee schedule are constitutionally infirm, unlawfully excessive, and void and that a permanent injunction should issue barring Defendants from requiring that applicants for Trustees Permits pay such Dimensional Fees, and;

    (B)    Declaring that by using the Town's Justice Courts to enforce the Trustee Rules to impose the requirement to apply for and pay Dimensional Fees for a Trustees Permit the Defendants have violated the LLC's right to not to be deprived of its property without due process in violation of the 5th

Amendment to the U.S. Constitution, and;

(C)    Declaring that the Defendants' requirement that the Plaintiff LLC pay Dimensional Fees constitutes a regulatory taking in violation of the 5th Amendment to the U.S. Constitution, and;

(D)    Awarding Judgment to the Plaintiffs for damages: (1) incurred in defending themselves in Town Justice Court against the baseless charges made by the Town, and for the fees Plaintiff LLC; (2) for sums paid to legal and environmental consultants in applying for and obtaining a Trustees Permit; (3) for the application fee and Dimensional Fee paid in order to Obtain the Trustees Permit in an amount not less than Fifty Thousand, Two Hundred Sixty One and 75/100 Dollars ($50,261.75), and or such other and further ancillary sums as are established upon trial including lost profits, and;

(E)    Entering an order pursuant to the provisions 42 U.S.C., § 1988, that the Plaintiffs have substantially prevailed in their causes of action; that the Defendants' position and actions are not substantially justified under law; and that Plaintiffs are to be awarded the litigation costs and expenses of this action, including reasonable attorneys' fees and other costs and disbursements, and that a further hearing date or such other time shall be established for the taking of proof thereupon, and;

(F)    Establishing as a Class, pursuant to F.R.C.P. Rule 23, for purposes of this action all persons who have paid Dimensional Fees to the Board of Trustees to obtain Trustees Permits in order to construct, build, re-build, repair, or restore boathouse, deck, bulkhead, dock, piling, catwalk, jetty, revetment, ramp, walkway or stair construction projects for the period six years prior to the filing of this action, and;

(F)    on behalf of the Class, compelling the accounting for and disgorgement from the Defendants, of all Dimensional Fees paid to the Board of Trustees for a period starting from the period of six years before the filing of this action in an amount to be determined at trial but not less than Two Hundred Fifty Thousand Dollars ($250,000.00), and;

(G)    Establishing the Plaintiffs as representatives of the Class and awarding Plaintiffs a reasonable portion of the damages recovered for their efforts in bringing this action, with such sums to be paid by the Defendants separate from the fund established for the Others, and;

(H)    Establishing the Plaintiffs' counsel to administrate and distribute the damages recovered for the Others and to grant counsel reasonable remuneration for

35

such services, with such sums to be paid by the Defendants separate from the fund established for the Others, and;

in its exercise of supplemental jurisdiction on the New York and common law claims, the Court should enter an order on the;

SECOND CAUSE OF ACTION:

(A)     Declaring that the rates applied in the Dimensional Fee schedule of established by the Board of Trustees is constitutionally infirm, unlawfully excessive, and void and that a permanent injunction should issue barring Defendants from requiring that applicants for Trustees Permits pay such Dimensional Fees, and;

(B)     Declaring that by using the Town's Justice Court to enforce the Trustee Rules to require the LLC to apply for and pay Dimensional Fees for a Trustees Permit the Defendants have violated the LLC's right to not to be deprived of its property without due process in violation of the 5th Amendment to the U.S. Constitution, and;

(C)     Declaring that the Defendants' requirement that the Plaintiff LLC pay Dimensional Fees constitutes a regulatory taking in violation of the 5th Amendment to the U.S. Constitution and;

(D)     Declaring that the Dimensional Fee schedule violates Article 9, section (2)(c)(8), of the New York Constitution and is void therefor its further use should be permanently enjoined and;

(E)     Declaring that the Dimensional Fee schedule is void as unauthorized and contrary to the requirements of section 10 of the Municipal Home Rule Law, its further use should be permanently enjoined, and;

(F)     Declaring: (1) that the Board of Trustees do not possess geographic jurisdiction to enforce the requirement to obtain a Trustees Permit over the situs of the Plaintiff LLC's marina; (2) permanently enjoining the Defendants from applying the Trustee Rules to the LLC's property and; (3) that any requirements or restrictions contained in the Trustees Permit received for Plaintiff LLC's marina are null and void and, on the;

THIRD CAUSE OF ACTION:

(A)     Declaring that the Dimensional Fee schedule is void as violative of Article

9, section (2)(c)(8), of the New York Constitution its further use should be permanently enjoined, and;

(B)    Declaring that the Dimensional Fee schedule is void as unauthorized and contrary to the requirements of section 10 of the Municipal Home Rule Law, its further use should be permanently enjoined, and;

(C)    Declaring that: (1) the Board of Trustees do not possess geographic jurisdiction to enforce the requirement to obtain a Trustees Permit over the situs of the Plaintiff LLC's marina, (2) that the Board of Trustees be permanently enjoined from applying the permitting requirements of the Trustee Rules to Plaintiff LLC's property and, (3) that any restrictions or requirements contained in the Trustees Permit obtained by Plaintiffs are null and void and, on the:

FOURTH CAUSE OF ACTION:

That the Defendants, jointly and severally, be adjudged and declared liable under common law to the Plaintiffs for an abuse of process and/or malicious prosecution in the amount of not less than Fifty Thousand, Two Hundred Sixty One and 75/100 Dollars ($50,261.75), or such other and greater amount as is to be determined at trial, inclusive of ancillary damages and lost profits and, on the;

FIFTH CAUSE OF ACTION:

That the Defendants, jointly and severally, be adjudged and declared liable to:

(A)    The Plaintiffs for money had and received in the amount of not less than $35,280.00, or such other and greater amount as is to be determined at trial, and;

(B)    The Class members for money had and received in the amount of $250,000.00, or such other and greater amount as is determined at trial, and on the;

SIXTH CAUSE OF ACTION:

That the Defendants, jointly and severally, be adjudged and declared liable to:

(A)    The Plaintiffs for unjust enrichment in the amount of $35,280.00, or such other and greater amount as is to be determined at trial, and;

(B)    The Class members for unjust enrichment in the amount of $250,000.00, or

such other and greater amount as is determined at trial, and;

That Plaintiffs should be granted all other and further relief as the Court may deem just and equitable under the circumstances.

Dated:  November 30, 2023
        Bellport, New York

Respectfully Submitted,

*/s/ J. Lee Snead*

_____

**J. LEE SNEAD (JLS 7215)**
*Attorney for Plaintiffs*
144 South Country Road, P.O. Box 489
Bellport, New York 11713
(631) 286-0488
LeeSnead@optonline.net