IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
31 ALANSON LANE, LLC, and MATTHEW
VASTOLA, on behalf of themselves and
Others Similarly Situated,

                Plaintiffs,

- against -

TOWN OF SOUTHAMPTON; the TOWN BOARD
OF THE TOWN OF SOUTHAMPTON, comprised
of: Jay Schneiderman - Supervisor, and Councilpersons
John Bouvier, Rick Martel, Cyndi McNamara, and Tommy
John Schiavoni, each in their official capacities;
TRUSTEES OF THE FREEHOLDERS AND
COMMONALTY OF THE TOWN OF
SOUTHAMPTON; comprised of: Scott M. Horowitz,
William, Pell, IV, Edward J. Warner, Jr., Ann Welker and,
William Parash, each in their official capacities;

                Defendants.
------------------------------------------------------------------------X

Docket No.: 23-CV-08938
(NJC)(LGD)

# MEMORANDUM OF LAW
## IN OPPOSITION TO THE MOTION TO EXTEND THE STAY OF DISCOVERY

J. Lee Snead, Esq.
*Attorney for Plaintiffs*
144 South Country Road, P.O. Box 489
Bellport, New York 11713
(631) 286-0488
LeeSnead@optonline.net

Service Date:  December 12, 2025

# TABLE OF CONTENTS

|  | Page |
|---|---|
| **PRELIMINARY STATEMENT** | 1 |
| **COUNTER-STATEMENT ON THE NATURE OF THIS ACTION** | 1 |
| **THE PROCEDURAL POSTURE OF THIS ACTION** | 3 |
| **THE STANDARD OF REVIEW** | 4 |
| **COUNTER-ARGUMENT** | 6 |
| I. **Defendants Fail Their Burden to Show an Unmeritorious Complaint:** | 6 |
| II. **The Breadth of Discovery, and the Defendants' Burden in Responding, is not Great:** | 8 |
| III. **The Lack of Prejudice to the Defendants:** | 9 |
| **CONCLUSION** | 11 |

## PRELIMINARY STATEMENT

This Memorandum is provided in opposition to the Defendants' *Motion to Continue the Stay of Discovery,* dated November 21, 2025 (ECF Doc. 37), [1] as provided in their *Memorandum* of that date (hereinafter, "*Memorandum*" or "*Mem.*"). (Doc. 38)  Herein, the Defendants Town of Southampton, and Town Board of the Town of Southampton, are collectively identified as the "Town"; and the Defendant Trustees of the Freeholders and Commonalty of the Town of Southampton are identified as the "Trustees".  As well, Plaintiffs – 31 Alanson Lane, LLC and Matthew Vastola – are referred to collectively as such  References to the Complaint shall be abbreviated as "*Compl.*" (Doc. 1)

## COUNTER-STATEMENT ON THE NATURE OF THIS ACTION

At pages 1 through 2 of the *Defendants Memorandum* they posit their view of the nature of Plaintiffs' action, acknowledging that it is challenge to the Dimensional Fees charged by the Trustees for a Trustees Permit to replace an existing dock, but attempting to cast it largely as an attempt to "fundamentally challenge the authority of the Trustees of the Freeholders and Commonalty . . . (the "Trustees") . . . to regulate the Town's waterways." *Id., Mem.,* at 1.  On the strength of this alleged sub rosa agenda the Defendants urge, among other things that Burford abstention should be invoked, suggest that "Plaintiffs have no property interest in performing construction without a permit" where Plaintiffs have claimed no such interest, but where the property interest alleged is in not having unconstitutional exactions charged for the necessary commercial permit; and where they urge that the "Trustees' ownership of the bottomlands and its stewardship of the waterways in the Town distinguishes it from the type of permit that Plaintiffs claim are unconstitutional." *Id.,* at 1. Plaintiffs

---

1. Hereinafter, documents filed with the ECF system are referred to by ECF Document numbers "(Doc. __)".

urge that "a brief continuation of the stay to give the Court time to decide the pending motion will cause no prejudice" and will "prevent the prejudice from potentially having to litigate hundreds of years of Trustee authority and decades of the history of the development of the marina in question." *Id.*

The true nature of this action is adequately pleaded in allegations of the Complaint, and reiterated in the Plaintiffs' Memorandum in Opposition to the Motion to Dismiss (Doc. 27) at pages 1 through 6. Moreover, no discovery is anticipated or needed by Plaintiffs in regard to the Trustees' vaunted jurisdiction or authority. It is a matter of law only. Accordingly, the Court is respectfully referred to those pleadings and papers for the true nature of the action. Plaintiffs note, however, that the history of the Trustees regulatory authority is not an issue in the action – except as it is eliminated where, as here, the Trustees never held that right in the first instance because the lands in question were not "underwater lands" given the Trustees' jurisdiction, but are man-made and dredged uplands - and where the Trustees' nature as a governmental entity lays bare the suggestion that it holds some form of authority separate and apart from the state of New York that would authorize it to violate federal and state law. For reasons addressed in the Plaintiffs' Memorandum, their view of this action is nothing more than an attempt to make the pleaded causes of action seem complex. They are gossamer.

Finally, as to granting a short stay to allow the Court to determine the motion and potentially winnow the claims, this was the same reason that Plaintiff acceded to the Defendants' request for a stay in August of 2024, and without the benefit of a motion for a stay having been filed along with its proofs, because it was anticipated that the stay would be short. This has not occurred and while the Plaintiff is assured of the Court's efforts in determining the dismissal motion, in the situation

2

presented, appears not to be a rationale which advances the Plaintiffs case and, indeed, has and will work against Plaintiff as time passes.

## THE PROCEDURAL POSTURE OF THIS ACTION

This action was filed on December 5, 2023. (Doc. 1) No answer has been filed. Subsequent to the filing and service the Defendants requested and were granted courtesy adjournments (Doc's. 8, 11), and sought a conference and leave to move to dismiss (Doc. 14) and for adjournments in the briefing schedule thereof (Doc's. 16, 21), and ultimately, entered into a Proposed Discovery Plan/Scheduling order on August 1, 2024 (Doc. 22), in anticipation of an Initial Conference scheduled for August 8.

The Minutes of the Initial Conference held on August 8, 2024 (Doc. 24), show that the Proposed Order was stayed pending the decision on the Defendant's Motion to Dismiss (F.R.C.P. 12(b)(1) & (b)(6)) which had been filed earlier that day in advance of the hearing. (Doc. 25) What the Minutes do not reflect is that the undersigned counsel for the Plaintiffs consented to the stay when the filing of the motion was raised at the conference, largely in anticipation of a swift decision by the Court on the Motion to Dismiss. Accordingly, the Magistrate set of a control date of January 10, 2025 (*see,* Doc. 24) and noted at the conference that Plaintiff could ask that the stay be lifted thereafter if the motion had not been decided. It was clearly anticipated that the Court would determine the dismissal motion within short order, an eventuality that has not yet occurred.

Subsequent to the January 10, 2025, control date, counsel submitted a joint letter request for a conference on whether the stay should be lifted (Doc. 31), with the Court scheduling the conference for March 7, 2025. (Doc. 31) and ordered a joint submission addressing their positions on the stay by April 4, 2025, at that conference. (Doc. 32) On April 3, 2025, Counsel then submitted

3

a joint letter seeking an adjournment of the joint submission thru April 11, 2025. (Doc. 33). Via teleconference Magistrate Dunst then required a formal motion be made by the undersigned (Order of 4/4/25).

No formal motion was made by the Plaintiff and Defendants posit this as an abandonment by the Plaintiff of the request to lift the stay. The reason that no motion was made is twofold: First, as the original stay was one that was on consent of the parties no motion for a stay which would have established grounds for it existed, and thereby, Plaintiff was in the position of having to oppose the continuance of a stay in the absence of grounds to challenge, and; Second, the matter having been adjourned an additional four months past the control date, the undersigned believed that the Court would soon be determining the motion to dismiss.

Notwithstanding, on the re-assignment of the action Magistrate Dunst directed that either the parties jointly request a stay, or failing that, request a continuation of the stay. Thereafter, on Defendants letter motion for a continuation of the stay (Doc. 34), the Court ordered that a briefing schedule be supplied for the defendant's motion (Docket Order, 11/10/25), and Counsel entered into and filed a joint briefing schedule later that day. (Doc. 36) On the motion (Doc's. 38, 39) the Defendants are required identify why the stay should be continued, a task that the Defendants fail to perform as noted below.

## THE STANDARD OF REVIEW

The standard by which the Court must measure a motion to grant or extend a stay of discovery is well-settled and must only be for "good cause shown (*F.R.C.P., Rule 26 ©*) and "the mere filing of a complaint does not constitute 'good cause.'" *Chesney v. Valley Stream U.F.S.D. No. 24,* 236 F.R.D. 113, 115 (E.D.N.Y., 2006). In determining good cause, the Court must assess:

4

>(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.

*Vega v. Gateway Bank, F.S.B.,* 2025 WL 473800, * 2 (E.D.N.Y., 2/12/2025), *citing, Chesney, id*. As well, the Court "should in keep mind the factors it considered in 'ordering the stay in the first place.'" *Brinkmann v. Town of Southold,* 2022 WL 3912974, * 1 (E.D.N.Y., 2002)(not rep. in F. Supp.), *quoting, In re Kind LLC "Healthy & All Natural" Litig.*, 2019 WL 542834, at *2 (S.D.N.Y., 2019), and may review other factors, such as the number of parties affected, the complexity of the action, and the length of time the action has been pending in making its determination. *See, Weitzner v. Sciton, Inc.,* 2006 WL 3827422 (E.D.N.Y., 2006)(not rep. in F. Supp.). Moreover, the mere filing of a dispositive motion does not qualify as good cause in and of itself. *Johnson v. Gonzalez,* 2023 WL 2770684, *4–5 (D. Conn., 2023)(not reported in F. Supp.).

As part of this analysis, where "it is not clear that all the claims are unmeritorious," where "defendant would have to prevail on nearly all of the claims [for dismissal]," or where it is clear that "the claims are not frivolous or glaringly deficient" a stay of discovery is unwarranted owing, primarily, to the potential loss of evidence over the period of time a stay would be in place. *See, Johnson, 2023 WL 2770684, *5*. Finally, a stay of all discovery, should not be granted where factual issues remain to be determined and not all of the causes of action will be defeated by the motion. *See, Kahn v. N.Y. City,* 757 F.Supp.3d 327, 335 (E.D.N.Y., 2024); *Conservation Law Found.. v. Shell Oil,* 2023 WL 4706815, *4 (D. Conn., 2023)(not rep. in F. Supp.)

From the pleadings and assertions on the motion the Defendants' motion must fail.

5

## COUNTER-ARGUMENT

**I.      Defendants Fail Their Burden to Show an Unmeritorious Complaint:**

The first element of the Defendants' showing is that the complaint is unmeritorious. Here, Plaintiffs have filed meritorious claims, supported under case authority. and the Defendants have wholly failed to show that the entire complaint is without merit by either their Motion to Dismiss (Doc.'s 26, 28–9) or on their Memorandum. (Doc. 38, at 6–12) Inasmuch as the Defendants' claims have been addressed by the Plaintiffs' opposition to the pre-answer Motion to Dismiss (Doc. 27) they will not be re-addressed here.

Plaintiffs note, however, that at its heart, this action seeks a first cause of action for declaratory judgment under the provisions of 42 U.S.C. § 1983 that the fees charged by the Trustees for the Trustees' Permit are unconstitutionally excessive under New York law and amount to an unauthorized tax imposed by the Trustees under color of law. *See, Complaint,* ¶¶ 1, 5, 21–38, 55–59, 67–88 (Doc. 1); *Plaintiffs Memorandum in Opposition to the Dismissal Motion ("Plaintiffs' Mem. on Dismissal"),* at 9–10. (Doc. 27) A second cause of action for declaratory judgment under state law is also presented. *Compl.,* at ¶¶ 89–92, 97–113. (Doc. 1)

Defendants view the matter differently and assert in their *Memorandum* here that "the Trustees rights over the subject waterway renders it more than just a permit-issuing agency" and that prior provisions of the State's Constitution and other statutes granted them "power to make rules and regulations" and, thereby, that "Plaintiff's claim that the Trustee lack jurisdiction readily fails." *See, Mem.,* at 10. (Doc. 38)

Notwithstanding, it is clear that the Trustees who held their power under Colonial-era royal patents have long been considered by to be "governmental" in nature *Martin v. Waddell's Lessee,*

6

41 U.S. 367, 411–12 (1842); *People ex. rel. Howell v. Jessup,* 160 N.Y. 249, 259 (1899), and are considered to be municipal in nature by the State of New York (Laws of 1818, ch. 155; Laws of 1831, ch. 238; Laws of 2022), who have "under color of law" and in their governmental capacity taken property in the form of excessive permit fees from the Plaintiffs and others in a manner that does not comport with the requirements of State law (*see, Jewish Reconstructionist Synagogue of the North Shore, Inc. v. Village of Rosyln Harbor,* 40 N.Y.2d 158, 163 (N.Y.,1976)) and is sufficient to invoke the Court's jurisdiction under 42 U.S.C., § 1983 as an "unconstitutional condition." *See, Scheetz v. County of El Dorado,* 601 U.S. 267, 276 (2024). *See, generally, Plaintiff's Mem. on Dismissal*, at 1–2, 6–10. (Doc. 27)

This particular cause of action is a discrete dispute that is tailor-made for a declaratory ruling, aside from the legal suppositions inherent in the Defendants' argument, and notwithstanding other arguments made by the Defendants in either of their motions. It is clear that:

> the Declaratory Judgment Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants," *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995), and a court should consider "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty," *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005) (citation omitted).

*PAR Tech. Corp. v. Travelers Prop. Cas. Co. of Am.*, 2024 WL 2747823, at *2 (N.D.N.Y., 2024). Here, the declaratory judgment causes of action (both federal and state) are also the subject of needed discovery – documentary *and* testimonial – all of which has been thwarted by the pending stay on a pre-answer motion to dismiss.

Moreover, the Defendants do not show that the claim is clearly unmeritorious, and on the authority cited in opposition the declaratory cause of action is well-pleaded and supported on the

7

law.  As such, Defendants fail on the first prong of their truth, and discovery should be allowed.

## II.  The Breadth of Discovery, and the Defendants' Burden in Responding, is not Great:

The Defendants also fail in their burden on the second element of a motion for a stay as required discovery is neither broad nor would Defendants' burden in responding be onerous.  As noted above, no discovery has occurred in this action. Nor have demands for discovery been made owing to the fact that the consent-stay in this action was agreed to before the time that the parties were required to submit them under the negotiated discovery schedule of August 1, 2024. (Doc. 22) Finally, Defendants' presumptions on the discovery Plaintiffs will seek are incorrect.

Plaintiffs' intended discovery will center on the following areas, each of which is central to the claims made: documentary evidence on prior Trustees' permits for docks, bulkheads, decks and other marinas issued from 2018 to present; the name of the entities charged; the fees charged and paid; the formula by which the fees were calculated; and an accounting of how those fees were used to defray the costs of administrating the specific permit application.  Information related to these facts are the determiners of whether the $35,280.00 fee charged to the Plaintiffs, and the fee schedule used for all potential class members, is constitutional or not. *See, Suffolk County Bldrs. Assn. v. County of Suffolk,* 46 N.Y.2d at 619.  All of these documents are likely contained on computerized files or other easily identified files of the Trustees and the Town of Southampton.

As well, depositions of the then-sitting Trustees,[2] their inspectors, and other enforcement personnel of the Town of Southampton will be required to explore: the setting of the fees that are at issue for the years covered by this action; the expenditure of time for inspecting and administrating

---

2. This is now made more difficult due to the fact that all of the Trustees of the Freeholders sitting at the time the cause of action arose are no longer elected members of the Board of Trustees and under control of the Board of Trustees, but are now private citizens. *See,* subdivision "C" *infra.*

8

the general review of the Plaintiffs' and other applicants' Trustees' permits; the genesis of the criminal enforcement action against the Defendants; and the use of the funds received from Trustees' permits.

Here, the Defendants cannot and "do not allege that Plaintiff's requests themselves are unduly broad in light of the nature of the dispute." *Johnson v. Gonzalez,* 2023 WL 2770684, at *4. Rather, they urge only that speculative areas of discovery will be addressed and relate not to Plaintiffs' proofs but, rather, to Defendants' claim of defenses, with the bulk of such documentation being under the Defendants' control. Finally, to the extent that Defendants believe any requested discovery is onerous the right to request a protective order available to them. F.R.C.P., Rule 26©.

### III. The Lack of Prejudice to the Defendants:

The Defendants urge that no one will be prejudiced by a stay of discovery as the Plaintiffs have received the Trustees' Permit they sought, and because "much of the evidence . . . will be documentary, and defendants are under a duty to preserve that information." *Defendants' Mem.,* at 13. (Doc. 38) Plaintiffs' argument misses the mark.

#### A. Defendants Fail to Identify Any Prejudice to Them -

As a necessary element of its burden of proof, the Defendants are required to show the prejudice that would occur to them should a stay not be granted or continued. In the absence thereof, the grant of a stay of discovery, or its continuance, is unwarranted. *Mulligan v. Long Island Univ.,* 2018 WL 8014320 (E.D.N.Y., 2018)(not rep. in F. Supp.); *citing, Stanley Works Israel. Ltd. v. 500 Grp., Inc.,* No. 2018 WL 1960112, at *3 (D. Conn., 2018)(not rep. in F. Supp.). Here, Defendants allege only that discovery will be time-consuming and burdensome and "*will likely involve* delving into voluminous historical documentation" to include "historical permitting fees," the "original

9

construction of the marina," the history of the "dug canal," the Trustees' authority into the Colonial era, and "the fundamental nature of the Trustees and their relationship with Town government." *See, Mem.,* at 12–13 (italics added). (Doc. 38)   Simply put, Plaintiffs intend no discovery into any of these areas as they are largely matters of record or of law and do not address the central question of whether the exorbitant fees charged by the Trustees are authorized under New York law.

Rather, as noted in subsection II above, the areas of discovery are simple and tailored solely to the claims made in the Complaint, and no investigation into the Trustees' historical nature and authorities are required.   In short, the Plaintiffs have failed to identify any prejudice to them other than having to comply with simple, common-place, and tailored discovery demands and, those areas that they identify in order to bolster their complexity argument are wholly illusory to Plaintiff's claims as a matter of discovery.

       **B.**      **There Has Been an Intervening Change in the Availability of Evidence -**

As noted above, no discovery has yet occurred in this two-year-old action.  Aside from the potential loss of testimony and documentary evidence that may occur over even the two years that have elapsed, recently the make-up of the Trustees of the Freeholders has changed owing to the election held in November 2025.  As a result, all of the five members of the Board of Trustees existing at the time the cause of action arose will no longer be parties to the case after January 1, 2026, and as private parties, their testimony would need to be compelled as third-party witnesses, presuming they remain otherwise amenable to service.  Thus, this is hardly a case where documentary evidence will solely constitute the proof of the causes of action.

As a result of the age of this action, the demonstrated loss of the decision-making officials who adopted the allegedly unconstitutional fees as parties amenable to required disclosure, and the

10

loss of their relevant and likely critical testimony, a lift of the stay is warranted. *Sharma v. Rent the Runway, Inc.,* 2025 WL 1425583, * 4 (E.D.N.Y., 5/16/2025)(slip. op.). Moreover, the testimony of unknown others in the employ of the Town of Southampton and/or its Trustees is required, and only through the discovery process will those persons be identified. And should the stay continue the possibility that other witnesses will die, retire or otherwise become outside the control of the Defendants may cripple the Defendants' ability to prosecute this action.

    C.    **This Action has been Pending for Two Years -**

As noted above, this action was filed on December 5, 2023 (Doc. 1) and has been pending on a motion to dismiss filed on August 8, 2024. (Doc. 25). In light of the delay that has elapsed since the action was filed, and the likelihood that memories will fail and additional witnesses may be lost pending the determination on the motion to dismiss, a lift of the stay is warranted for m any of the same reasons identified in *Johnson v. Gonzalez. See, id.,* 2023 WL 2770684, *5.

## CONCLUSION

For the foregoing reasons, Plaintiffs submit that the Court should deny the Defendants' motion to extend the stay, and to require discovery to move forward along the same time frames as agreed to in the Proposed Discovery Plan negotiated between the parties.

Dated: December 12, 2025
       Bellport, New York

*/s/ J. Lee Snead*

_____
J. Lee Snead, Esq. (7215)
*Attorney for Plaintiffs*
144 South Country Road, P.O. Box 489
Bellport, New York 11713
(631) 286-0488
LeeSnead@optonline.net